MUNICIPALITY OF COMERÍO, Petitioner and Appellee, *v.* RAMÓN RIVERA, Respondent and Appellant.

No. 3552. Argued April 30, 1925.—Decided June 25, 1925.

1. INJUNCTION—LEGAL RIGHT—DOUBTFUL RIGHT. — An injunction does not lie when there is a dispute about the legal right involved and the plaintiff's right is left doubtful by the evidence.
2. ID.—ID.—CONFLICTING TITLES.—Injunction is not the proper remedy for determining questions concerning the predominance of conflicting titles.

First District Court of San Juan, Charles E. Foote, J. Judgment for the petitioner in injunction proceedings. *Reversed.*

J. *Valldejuli Rodríguez* for the appellant. R. *Rivera Zayas* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is a petition for an injunction to restrain the defendant from continuing the erection of a certain building without complying with the requirements of an ordinance passed by the Municipality of Comerío governing "public ornamentation."

The fundamental allegation of the complaint is that the defendant, being in possession of a lot situated within the urban zone of the municipality, had begun the construction of a building by making excavations and levelings without first having obtained the written permit required by section 6 of the said ordinance.

It is alleged also that the defendant made the corresponding application, exhibiting the documents required by the ordinance, and the assembly refused to grant the permit. However, the reason for the refusal is not given.

The evidence introduced by the plaintiff in support of the petition consisted only of the testimony of Celestino J. Pérez, commissioner of public service, and José Montalvo, municipal secretary, who agree that the defendant's application for a building permit addressed to the municipal assembly and accompanied by the plan and an estimate of the work is in accordance with the ordinance, and that the only reason for refusing the permit was that the lot belonged to the municipality. It was testified also that the municipality bought the lot from Pablo F. Cruz privately. It was testified also that the municipality had sued Pedro A. Romero for the execution of a deed to 81 acres of land.

That testimony does not show clearly whether the plaintiff's alleged title proceeded from Cruz or from Romero.

On the other hand, the defendant introduced evidence tending to show the legality of his title and documentary evidence showing that he acquired the lot by purchase from Pablo F. Cruz by a deed executed before notary Celestino J. Pérez and recorded in the registry of property.

Pablo F. Cruz also testified that he had not sold a part of his property to the municipality.

It may be deduced from all of the evidence that the title alleged by the municipality proceeded from Pedro A. Romero and that he sold the lot to Cruz, who in turn sold it to the defendant.

[1, 2] In any event it seems evident that during the examination of the evidence the controversy became one of predominance between conflicting titles and we are obliged to say that the evidence introduced by the plaintiff was confused and altogether insufficient to establish the only ground on which the plaintiff could petition for an injunc-

tion.   Under these circumstances we think proper to repeat what was said in the case of *Martínez et al.* v. *Soto*, 32 P. R.R. 559, 561, as follows:

"An injunction in such circumstances should not be granted. The discussion and determination of such rights are matters for a different kind of action and an injunction is not the most proper means of determining and thus prejudging them."

For the foregoing reasons the judgment of the court below must be reversed and the complaint dismissed, without costs.